**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6175**

UNITED STATES OF AMERICA,

                    Petitioner - Appellee,

          v.

JOHN KANIOS,

                    Respondent - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (5:14-hc-02188-BR)

Submitted:  November 20, 2015          Decided:  December 8, 2015

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Diana H. Pereira,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Jennifer D. Dannels, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Kanios appeals the district court's order committing him to the custody of the Attorney General in accordance with 18 U.S.C. § 4246(d) (2012). We affirm.

A person may be committed under § 4246 "[i]f, after [a] hearing, the [district] court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). The district court's finding that the Government has established dangerousness under § 4246 by clear and convincing evidence will not be overturned on appeal unless it is clearly erroneous. United States v. LeClair, 338 F.3d 882, 885 (8th Cir. 2003); United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992).

Dr. Maureen Reardon — a staff psychiatrist at the Federal Medical Center in Butner, North Carolina ("FMC Butner") — evaluated Kanios and issued a report. She concluded that Kanios suffers from schizophrenia and that his mental illness is such that his release would pose a substantial risk of bodily injury to another person or serious damage to the property of another. Dr. Reardon based her opinion on several observations: Kanios' symptoms included "prominent paranoia, behavioral disturbances (e.g., aggression, social withdrawal), probable hallucinations,

2

mild thought disorder, and mood disturbances, to include expressions of overt hostility," (J.A. 58);* Kanios' past history of violence included two incidents of domestic violence, damaging property, and aggravated burglary; Kanios had an extensive history with firearms; and Kanios did not have any support from family or friends. Independent evaluator Dr. Logan Graddy likewise concluded, after interviewing Kanios and reviewing relevant records, that Kanios suffers from schizophrenia and presented several risk factors associated with an increased risk of future violence.

At a hearing, Dr. Reardon testified as an expert in forensic psychology. She testified regarding the nature of the underlying charges against Kanios, the reasons behind her diagnosis, and Kanios' mental health history, criminal history, and institutional adjustment. Finally, Dr. Reardon testified that an FMC Butner risk-assessment panel concurred in her opinion that Kanios represented a substantial risk of bodily injury to another and destruction to the property of another if released into the community. Based on this testimony and the expert reports prepared by Dr. Reardon and Dr. Graddy, the district court found by clear and convincing evidence that Kanios satisfied the criteria for commitment under § 4246(d).

---

* "J.A." refers to the joint appendix filed by the parties.

3

Kanios argues on appeal that his substantial dangerousness was not established by clear and convincing evidence because he had not received any incident reports at FMC Butner and that the experts' conclusions were based on conjecture and speculation. As Kanios acknowledges, overt acts of violence are not required to prove substantial dangerousness in a § 4246(d) case. United States v. Williams, 299 F.3d 673, 677 (8th Cir. 2002). Additionally, "a finding of 'substantial risk' under [§] 4246 may be based on any activity that evinces a genuine possibility of future harm to persons or property." United States v. Sahhar, 917 F.2d 1197, 1207 (9th Cir. 1990).

We conclude that the district court did not clearly err in its determination that Kanios suffers from a mental disease as a result of which his release would create a substantial risk of bodily injury to another or serious damage to the property of another. Kanios has a long history of engaging in violent conduct, a propensity to possess firearms, symptoms of paranoia, and is known to make threats. See Williams, 299 F.3d at 677-78 (affirming commitment decision under § 4246 where defendant had minimal history of violence and problem-free incarceration but also had underlying convictions evincing potential risk of danger, harbored vengeful intentions toward certain individuals, and had periods of incarceration marked by episodes of "bizarre, defiant and explosive" behavior). And while Kanios attacks Dr.

4

Reardon's report as speculative, it was supported by Dr. Graddy's independent conclusions, relied on specific observations of Kanios' behavior, and included a detailed analysis of Kanios' mental health and criminal history.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED